IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CHENG SHIN RUBBER USA, INC.**, a Georgia corporation,<br><br>Plaintiff,<br><br>v.<br><br>**WABCO HOLDINGS, INC.**, a Delaware corporation, and **WABCO IP HOLDINGS LLC**, a Delaware limited liability company,<br><br>Defendant. | Civil Action File No.<br>_____ |

## COMPLAINT

Plaintiff Cheng Shin Rubber USA, Inc. ("Cheng Shin"), by and through the undersigned attorneys, files this Complaint against Defendants WABCO Holdings, Inc., a Delaware corporation ("WABCO Holdings"), and WABCO IP Holdings LLC, a Delaware limited liability company ("WABCO IP") (collectively, "Defendants"), alleging as follows:

### Jurisdiction and Venue

1.  This is an action for unfair competition under the United States Trademark Act, 15 U.S.C. §§ 1051, *et seq.*, as amended, and the statutes of the

20401167v.9

State of Georgia, O.C.G.A. §§10-1-370 *et seq.* Cheng Shin's claim for relief for federal unfair competition arises under the United States Trademark Act, and is within the subject matter jurisdiction of this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). Cheng Shin's claim for relief for unfair competition under the statutory law of the State of Georgia is within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

2. This Court has personal jurisdiction over Defendants because on information and belief Defendants have done and continue to do business in the State of Georgia and in this judicial district, and because they have sold, offered to sell, and distributed the products at issue in this judicial district.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the claims arose in this district, and furthermore, Cheng Shin is being harmed in this district.

## The Parties

4. Plaintiff Cheng Shin is a corporation organized and existing under the laws of the State of Georgia, with a principal place of business at 545 Old Peachtree Road NW, Suwanee, Georgia 30024.

5. On information and belief, Defendant WABCO Holdings is a Delaware corporation with its principal place of business located at 2770 Research Drive, Rochester Hills, Michigan 48309.

6. On information and belief, Defendant WABCO IP is a Delaware limited liability company and a subsidiary of WABCO Holdings with its principal place of business is also located at 2770 Research Drive, Rochester Hills, Michigan 48309.

## Allegations Common to All Claims for Relief

7. Since its founding in 1967, Cheng Shin and its affiliated companies have grown from a modest, Taiwan-based bicycle tire manufacturer to become the ninth largest tire company in the word, employing more than 25,000 people. Cheng Shin delivers tires for cars, motorcycles, ATVs, bicycles, and trailers, along with related parts and accessories, to customers in 180 countries. These customers include manufacturers, distributors, and end consumers.

8. Cheng Shin values and carefully protects the reputation it has developed over the years as a provider of high-quality products and excellent customer service. To that end, the company has concentrated on developing a strong, highly respected brand identity.

9. Cheng Shin markets its products through advertisements placed in magazines and industry publications as well as on billboards and signage in airports.

10. Cheng Shin also sponsors numerous athletes and sporting events. These sponsorships include both tire-related sports such as racing and other, unrelated sports such as tennis, basketball, baseball, soccer, and football. In the past, Cheng Shin has attracted attention through major sponsorships such as the Australian Open, the New York Yankees baseball team, and England's Barclays Premier League teams.

11. Cheng Shin has marketed and promoted its brand using the trademark MAXXIS (the "MAXXIS Mark") since 1992. It has expended more than $90 million in the United States to advertise and promote its tires and related products ("MAXXIS Products") in connection with the MAXXIS Mark.

12. The MAXXIS Mark, and the goodwill associated therewith, is of substantial value to Cheng Shin.

### Defendants' Knowledge of Cheng Shin's Rights

13. On information and belief, as a result of Cheng Shin's extensive use of the MAXXIS Mark and the substantial nationwide publicity associated with

MAXXIS Products, Defendants have actual knowledge of Cheng Shin's rights in and to the MAXXIS Mark.

### Defendants' Unlawful Activities

14. Like Cheng Shin, WABCO Holdings is a supplier of automotive products. WABCO Holdings sells braking, stability, and transmission automation systems to truck, bus, and trailer manufacturers ("WABCO Products").

15. On August 1, 2013, WABCO Europa BVBA, on information and belief an affiliate or subsidiary of WABCO Holdings, filed United States Trademark Application Serial No. 79/136,492 for the mark "MAXXUS" for "[b]rakes, namely disc brakes and their parts, all the aforesaid goods for utility vehicles being cars, trucks, buses or trailers, as far as included in this class" in International Class 12 ("Defendants' Mark") based on International Registration No. 1,176,550.

16. On information and belief, on or about October 30, 2013, ownership of U.S. Application Serial No. 79/136,492 was transferred to WABCO IP.

17. On information and belief, on or about June 4, 2015, International Registration No. 1,176,550 was cancelled. Consequently, on August 7, 2015, U.S. Application Serial No. 79/136,492, was deemed abandoned by the United States Patent and Trademark Office.

18.  However, on information and belief, WABCO IP still owns all right, title, and interest in and to Defendants' Mark and has licensed all such right, title, and interest to WABCO Holdings for continued use in connection with the promotion of WABCO Products.

19.  Notwithstanding the abandonment of the application to register Defendants' Mark, and notwithstanding Cheng Shin's longstanding prior rights to the MAXXIS Mark, WABCO Holdings has continued to promote its WABCO Products using Defendants' Mark.  A representative copy of WABCO Holdings' advertising materials, which promote WABCO Products in connection with Defendants' Mark, is attached hereto as Exhibit A and incorporated herein by reference as if set forth in full.

20.  On information and belief, as a result of its marketing efforts, WABCO Holdings has already entered into at least one long-term supply agreement with a major commercial vehicle manufacturer for high volume sales in the United States of brakes bearing Defendant's Mark.

21.  Defendants' Mark is virtually identical in appearance and spelling to Cheng Shin's MAXXIS Mark and is used on and in connection with WABCO Products that are closely related to Cheng Shin's MAXXIS Products.  Moreover, both WABCO Holdings and Cheng Shin market their products through the same

channels of trade to the same customer base, including, *inter alia*, vehicle manufacturers.

22. On information and belief, WABCO Holdings has engaged in the marketing, promotion, offering for sale, and sale of its automotive products under Defendants' Mark in interstate commerce and/or in commerce affecting interstate commerce.

23. On information and belief, WABCO Holdings' use of Defendants' Mark in connection with the marketing, promotion, offering for sale and sale of WABCO Products has been with full knowledge of Cheng Shin's rights in and to the MAXXIS Mark. Such acts are without Cheng Shin's authority or consent, and on information and belief, are intended to and likely to confuse consumers and members of the trade as to the source of WABCO Products and falsely suggest a connection or association between Cheng Shin and Defendants.

24. Defendants' activities have resulted and will continue to result in irreparable harm and injury to Cheng Shin, in that, among other things: Defendants are deceiving the relevant consuming public as to the origin of and authorization for WABCO Products; they are falsely representing a sponsorship or association between Cheng Shin and Defendants; they are depriving Cheng Shin of control over the nature and quality of products associated with the MAXXIS Mark;

they are injuring Cheng Shin's relationships with its customers; and they are wrongfully trading and capitalizing upon Cheng Shin's reputation and goodwill and the commercial value of the MAXXIS Mark.

## FIRST CLAIM FOR RELIEF

### (Unfair Competition in Violation of Federal Law Against WABCO Holdings and WABCO IP)

25. Cheng Shin repeats and realleges the allegations in the preceding Paragraphs 1 through 24 of this Complaint, inclusive, as if fully set forth herein.

26. WABCO Holdings' use of Defendants' Mark in connection with WABCO Products constitutes the use in commerce of a word, term, name, symbol, or device, which use is likely to cause confusion, or to cause mistake, or to deceive, as to the affiliation, connection, or association of the Defendants with Cheng Shin, or as to the origin, sponsorship, or approval of WABCO Products and/or commercial activities by Cheng Shin, in violation of 15 U.S.C. § 1125(a).

27. As a licensor that is expressly authorizing WABCO Holdings' use of Defendants' Mark, WABCO IP is liable for WABCO Holdings' illegal activities.

28. Defendants' unfair competition has caused and continues to cause damages in an amount to be proven at trial as well as irreparable harm to Cheng Shin.

29. Upon information and belief, Defendants have enjoyed substantial profits attributable to their unfair competition, profits that should be disgorged to Cheng Shin.

30. Unless restrained and enjoined by this Court, Defendants will persist in their unfair competition, thereby causing Cheng Shin further irreparable harm.

31. Cheng Shin has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition in Violation of Georgia Law Against WABCO Holdings and WABCO IP)

32. Cheng Shin repeats and realleges the allegations in the preceding Paragraphs 1 through 31 of this Complaint, inclusive, as if fully set forth herein.

33. WABCO Holdings' use of Defendants' Mark has caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of WABCO Products, and furthermore has caused likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Cheng Shin, in violation of O.C.G.A. § 10-1-372.

34. As a licensor that is expressly authorizing WABCO Holdings' use of Defendants' Mark, WABCO IP is liable for WABCO Holdings' illegal activities.

20401167v.9

35. Defendants' unfair competition has caused and continues to cause damages in an amount to be proven at trial as well as irreparable harm to Cheng Shin.

36. On information and belief, Defendants have enjoyed substantial profits attributable to their unfair competition, profits that should be disgorged to Cheng Shin.

37. Unless restrained and enjoined by this Court, Defendants will persist in their unfair competition, thereby causing Cheng Shin further irreparable harm.

38. Cheng Shin has no adequate remedy at law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Cheng Shin Rubber USA, Inc. prays for a judgment as follows:

1. That, pursuant to 15 U.S.C. § 1116(a) and O.C.G.A. §§ 10-1-373, Defendants be preliminarily and then permanently restrained and enjoined from:

    a) Using Defendants' Mark, Cheng Shin's MAXXIS Mark, or any mark or designation that is confusingly similar thereto, on or in connection with the advertisement, promotion, offering for sale, sale or distribution of any goods, on or in connection with the advertisement, promotion, offering

for sale, sale or rendition of any services, in connection with the conduct of any business, or as part of any domain name at any level;

      b)    Licensing use of Defendants' Mark for the advertisement, promotion, offering for sale, sale or distribution of any goods, on or in connection with the advertisement, promotion, offering for sale, sale or rendition of any services, in connection with the conduct of any business, or as part of any domain name at any level;

      c)    Attempting to pass off WABCO Products as products that have some affiliation, connection, or association with Cheng Shin, the MAXXIS Products, or the MAXXIS Mark, or creating the commercial impression that Cheng Shin approves of, sponsors, or is the origin of any of WABCO Products; and

      d)    Otherwise competing unfairly with Cheng Shin.

2. That Defendants be ordered, pursuant to 15 U.S.C. § 1118, to deliver up to the Court for destruction or other disposition all labels, signs, prints, packages, wrapper, receptacles, advertisements and copies of websites in hard copy and computer readable form, bearing any of the designations whose use is enjoined under the injunction prayed for herein, and all plates, molds, matrices, and other means of making the same;

3. That Defendants be ordered, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve upon counsel for Cheng Shin, within thirty (30) days after service on Defendants of the injunctions prayed for herein, a report in writing under oath setting forth in detail the manner and form in which they have complied with the injunctions;

4. That Defendants be ordered, pursuant to 15 U.S.C. § 1117(a), to pay Cheng Shin the profits it has collected and the damages sustained by Cheng Shin as a result of Defendants' infringement of Cheng Shin's MAXXIS Mark, and that the amount be enhanced according to the circumstances of the case;

5. That Defendants be ordered, pursuant to 15 U.S.C. § 1117(a) and O.C.G.A. § 10-1-373, to pay Cheng Shin its attorneys' fees and costs;

6. That Defendants be ordered to pay Cheng Shin any other damages as allowable by law; and

7. That Cheng Shin be granted such other and further relief as the Court may deem just and proper.

**[SIGNATURES ON FOLLOWING PAGE]**

Respectfully submitted, this 1st day of December, 2015.

                SEYFARTH SHAW LLP

                */s/ Eric Barton*
                Eric Barton
                Georgia Bar No. 040704
                ebarton@seyfarth.com
                Lauren M. Gregory
                Georgia Bar No. 729061
                lgregory@seyfarth.com
                1075 Peachtree St. N.E.
                Suite 2500
                Atlanta, GA  30309
                Telephone: (404) 885-1500
                Facsimile:  (404) 892-7056

                Kenneth L. Wilton*
                kwilton@seyfarth.com
                One Century Plaza, Suite 3500
                2029 Century Park East
                Los Angeles, CA 90067
                Telephone: (310) 277-7200
                Facsimile:  (310) 201-5219

                **applying for admission pro hac vice*

                *Counsel for Plaintiff*
                *Cheng Shin Rubber USA, Inc.*